# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| BRENT E. JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 05-0319-CV-W-NKL |
| | ) | Crim. No. 03-0021-CR-W-NKL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Pending before the Court is Brent Jones's ("Jones") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 7].[1]  For the reasons set forth below, the Court denies Jones's Motion.

## I.     Background

Jones pleaded guilty in December 2003 to one count of maintaining a residence for manufacturing and distributing cocaine base, in violation of 21 U.S.C. § 856(a)(1).

Following Jones's plea, the United States Probation Office prepared a presentence investigation report ("PSI").  The PSI recommended a total offense level of 23 with a criminal history category of V resulting in a sentencing range of 84 to 105 months under the federal sentencing guidelines.  The PSI calculated Jones's total offense level by

---

[1]Also pending before the Court is Jones's Motion Requesting a Copy of Guilty Plea Transcripts [Doc. # 6].  Because the Court denies Jones's underlying habeas Motion, it will also deny his Motion for the transcripts.

1
Case 4:03-cr-00021-GAF   Document 227   Filed 08/24/05   Page 1 of 4

beginning with the base offense level of 26 and that figure was reduced by three points for Jones's acceptance of responsibility and his timely notice to the Government of his intention to plead guilty. The Court did not impose any sentencing enhancements in addition to the base offense level. *See* PSI at p. 16 (calculating Jones's offense level). Jones did not object to the factual findings and the recommendations contained in the PSI. On April 14, 2004, the Court sentenced Jones to 84 months of incarceration. Jones did not appeal his sentence.

Jones filed his pending Motion in March 2005. Jones's Motion contains three grounds for relief, all of which are based on the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). Jones argues that both cases should be applied retroactively to his sentence.

## II.    Discussion

In his Motion, Jones argues the Court should retroactively apply the rule pronounced in *Blakely* and *Booker* to his sentence. This Court has already concluded that neither *Blakely* nor *Booker* will be applied retroactively to a habeas corpus petition under 28 U.S.C. § 2255. *Cardile v. United States*, Case No. 05-00084-CV-W-NKL (W.D. Mo. July 11, 2005). Also, *see Bishop v. United States*, 2004 WL 2516715 (S.D. N.Y. Nov. 8, 2004); *Lilly v. United States*, 342 F. Supp. 2d 532 (W.D. Va. 2004); *United States v. Phillips*, 2004 WL 2414819 (D. Ore. Oct. 26, 2004); *United States v. Falodun*, 2004 WL 2397612 (D. Minn. Oct. 25, 2004); *United States v. Quintero-Araujo*, 343 F. Supp. 2d 935 (D. Idaho 2004); *Carbajal v. United States*, 2004 WL 2283658 (S. D. N.Y. Oct. 8,

2004); *United States v. Dillon*, 339 F. Supp. 2d 1155 (D. Kan. 2004); *United States v. Cino*, 340 F. Supp. 2d 1113 (D. Nev. 2004); *Morris v. United States*, 333 F. Supp. 2d 759 (C.D. Ill. Sept. 1, 2004). *See Lloyd v. United States*, 407 F.3d 608 (3rd Cir. 2005), 2005 WL 1155220 at *4 ("Every federal court of appeals to have considered [the issue] . . . has held that *Booker* does not apply retroactively to cases on collateral review."); *see also Guzman v. United States*, 404 F.3d 139, 143-44 (2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005), *cert. denied*, 125 S. Ct. 2559 (2005).

Because neither *Blakely* nor *Booker* apply retroactively, the Court denies Jones's grounds for relief.

**IV.    Conclusion**

Accordingly, it is hereby

(1)    ORDERED that Jones's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 7] is DENIED, and

(2)    ORDERED that Jones's Motion Requesting a Copy of Guilty Plea Transcripts [Doc. # 6] is DENIED.

3

DATE: August 24, 2005                              s/ Nanette K. Laughrey
Kansas City, Missouri                              NANETTE K. LAUGHREY
                                                   United States District Judge

4